UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:                                    ) Case No. 09-36284-C-7
                                          )
CHRISTINE M. EMMERSON                     ) Adversary No. 09-2626
(PREVIOUSLY KNOWN AS CHRISTINA            )
M. LARA),                                 ) DC Nos. MJH-2
                                          )        and
                                          )        HF-2
            Debtor(s).                    )
_____)
TONY D. REGIS,                            )
                                          )
            Plaintiff(s),                 )
                                          )
v.                                        )
                                          )
CHRISTINE M. LARA,                        )
                                          )
            Defendant(s).                 )
_____)

**MEMORANDUM DECISION ON REMAND FROM BANKRUPTCY APPELLATE PANEL**

The Bankruptcy Appellate Panel (BAP) vacated and remanded this court's judgment in the adversary proceeding that was tried previously on April 27, 2010, in which this court declared that a judgment in the amount of $450,000 awarded by the Superior Court for the State of California, County of Sacramento, against the debtor is excepted from discharge on a theory of issue preclusion. The BAP decision was filed March 25, 2011.

Specifically, the BAP agreed with the undersigned trial judge that all five threshold elements for application of issue preclusion are satisfied in this case: "Consequently, we conclude that all five threshold elements have been satisfied." BAP Memorandum at 15.

The remand was occasioned because this court did not make an

adequate record with respect to the additional question whether imposition of issue preclusion would be fair and consistent with sound public policy. Khaligh v. Hadaegh, 338 B.R. 817, 824-25 (9th Cir. BAP 2006), aff'd, 506 F.3d 956 (9th Cir. 2007); Roos v. Red, 130 Cal. App. 4th 870, 30 Cal. Rptr. 3d 446, 453 (2005). In other words, as it is not mandatory to impose issue preclusion when the basic elements for such preclusion are present, the court must determine whether to exercise its discretion to impose issue preclusion in light of considerations of fairness and public policy. BAP Memorandum at 16-18.

As a result of the BAP decision, it is the law of the case that the threshold elements for issue preclusion are present. Accordingly, on remand this court is limited to the question whether the imposition of issue preclusion would be fair and consistent with sound public policy and would not result in injustice.

Although the parties have filed cross-motions for summary judgment that focus upon the broad spectrum of issue preclusion matters, the only question permissibly before this court on remand is the narrow inquiry relating to the exercise of discretion. Thus, as explained during the hearing on remand, the summary judgment motions will be denied.

The BAP noted that in August 2008 the Superior Court for the State of California, County of Sacramento, issued an order awarding full legal custody to the daughter of the parties to the debtor, with no visitation rights to the plaintiff unless initiated and sought by the daughter. Thereafter, on February 5, 2009, the same court, acting through its civil division instead

of its family law division, entered a judgment in the action for partition of a residence on a cross-complaint by the plaintiff.

The February 5, 2009, judgment is the judgment that this court determined eligible for issue preclusion, which eligibility has now been validated by the BAP on appeal.

The aspect that concerned the BAP is the apparent inconsistency between the August 2008 family law order of full legal custody in favor of the debtor without visitation rights by the plaintiff unless initiated and sought by the daughter, which decision was issued about six months before the February 5, 2009, judgment by the civil division of the same court as to which this court imposed issue preclusion.

This court is mindful that the two decisions of the Sacramento County Superior Court are arguably inconsistent, and it was mindful of that at the time of entering the original judgment imposing issue preclusion (but did not sufficiently articulate its reasoning on the point).

Upon mature reflection on remand, this court remains persuaded that the interests of fairness, sound public policy, and avoiding injustice are best served by imposing issue preclusion in this situation.

First, both of the putatively conflicting decisions emanate from the Sacramento County Superior Court. It is fundamentally a matter for the California courts to resolve the internal problems attendant to inconsistencies in their own judgments. There are provisions in California procedure for bringing the inconsistencies to the attention of the appropriate superior court, and, if relief is not forthcoming, the district court of

appeal is in a position to police the matter.

Second, the interest of comity between the federal bankruptcy court and the state courts is also important and pertinent to the analysis. In effect, this court is being asked by the debtor-defendant to serve a review function that is primarily the role of the California courts.

It is emphasized that this is not a situation in which different state courts are at war with each other. Rather, it is the same superior court. This federal court regards it as unseemly to interfere with the harmonization of arguably inconsistent decisions rendered by the same state court. Moreover, the debtor has the remedy of, as noted, asking the Sacramento County Superior Court to revisit its decision and of appealing to the Third District Court of Appeal.

For these reasons, the court is persuaded that sound public policy favors leaving the parties to the remedies of asking the state court to clarify its own rulings and of appealing within the state court system.

Moreover, this court is persuaded that the application of issue preclusion in this instance is fair and will not result in injustice.

It is argued by the parties that the Sacramento County Superior Court did not have jurisdiction to render the money judgment. It is conceded that there is no California statute that directly addresses this question and that the jurisdictional issue is an argument based on interpretation of cases. A review by this court of the cases that are cited do not unambiguously establish that there was no jurisdiction for the Sacramento

- 4 -

County Superior Court to have entered the February 5, 2009, judgment; rather, at most, the cases articulate prudential considerations to be taken into account in management of conflicting and multiplicitous litigation. In any event, sound public policy and fairness counsel in favor of letting California courts resolve questions of their own jurisdiction over questions of California law.

    Accordingly, on remand, this court, being fully mindful that the two rulings of the Sacramento County Superior Court are arguably inconsistent, concludes that imposition of issue preclusion is appropriate and consistent with fairness and sound public policy and will enter another judgment consistent herewith.

    As it is not necessary for a motion to trigger the further analysis on remand, the summary judgment motions are DENIED.

    Dated:   June 23, 2011.

_____
UNITED STATES BANKRUPTCY JUDGE

**CERTIFICATE OF SERVICE**

On the date indicated below, I served a true and correct copy(ies) of the attached document by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed and by depositing said envelope in the United States mail or by placing said copy(ies) into an interoffice delivery receptacle located in the Clerk's Office.

Mark J. Hannon
1114 W Fremont St
Stockton, CA 95203

Herman Franck
1801 7th St #150
Sacramento, CA 95811

Dated: 6/29/2011

_____
DEPUTY CLERK    Mark D. Swim